Sylvester WOODY, Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY and State Farm Mutual Automobile Insurance Company, Defendants.

Civil Action No. 96–8183.

United States District Court,
E.D. Pennsylvania.

May 23, 1997.

Alan H. Casper, Philadelphia, PA, for plaintiff.

Louis E. Bricklin, Erin M. Donaldson, Bennett, Bricklin & Saltzburg, Philadelphia, PA, for defendants.

## MEMORANDUM

ANITA B. BRODY, District Judge.

Defendants State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm") have filed a Motion for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, contending that plaintiff Sylvester Woody's ("Woody") action is time-barred. The issue before me is whether under Pennsylvania law an action for bad faith under 42 Pa.C.S.A. § 8371 brought by an insured against an insurer is subject to the two (2) year statute of limitations under 42 Pa.C.S.A. § 5524 or the six (6) year "catchall" statute of limitations under 42 Pa.C.S.A. § 5527. Because I conclude that actions brought pursuant to 42 Pa.C.S.A. § 8371 are subject to the six (6) year "catchall" statute of limitations, I will deny the motion for Judgment on the Pleadings.

Pennsylvania's cause of action against bad faith insurers arises under 42 Pa.C.S.A. § 8371. That statute provides:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. § 8371. The statute does not explicitly provide for a statute of limitations period, however, and no court—state or federal—has ever addressed the issue of the applicable statute of limitations for such actions.

State Farm contends that this action is time-barred because the applicable statute of limitations of two (2) years under 42 Pa. C.S.A. § 5524 has run.[1] This is based on its rationale that Pennsylvania's bad faith statute is essentially a tort action that the state legislature codified after the Supreme Court of Pennsylvania failed to recognize such an action at common law in *D'Ambrosio v. Pennsylvania Nat'l Mut. Casualty Ins. Co.*, 494 Pa. 501, 431 A.2d 966 (1981). Because tort actions carry a two (2) year statute of limitations pursuant to 42 Pa.C.S.A. § 5524,

---

1. Section 5524 states:

The following actions and proceedings must be commenced within two years:

(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

(4) An action for waste or trespass of real property.

(5) An action upon a statute for a civil penalty or forfeiture.

(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon execution or otherwise in his possession.

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitations specified in this subchapter.

42 Pa.C.S.A. § 5524 (Purdon's 1996).

State Farm asserts that the applicable statute of limitations in actions brought under § 8371 is also two (2) years.

Woody argues that the applicable statute of limitations is (6) years under the "catchall" provision of 42 Pa.C.S.A. § 5527.[2] Because he claims that bad faith acts under § 8371 can sound in either tort or contract depending upon the conduct, Woody contends that Pennsylvania's bad faith statute is of a *sui generis* nature. Woody relies upon *Gabriel v. O'Hara*, 368 Pa.Super. 383, 534 A.2d 488 (1987), where the court applied the six (6) year "catchall" limitations period to actions arising under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") which it described as a *sui generis* statute.[3] Woody therefore asserts that § 8371 should also be governed by the six (6) year "catchall" limitations period of 42 Pa.C.S.A. § 5527.

The applicability of the relevant statute of limitations to § 8371 is an issue of state law. A federal court must therefore decide the appropriate statute of limitations period by reference to Pennsylvania law as expounded upon by the state legislature or the Supreme Court of Pennsylvania.[4] *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir.1993). Following this direction, when a statute does not explicitly provide a limitations period, Pennsylvania courts generally apply "the most closely analogous limitations period." *Gabriel*, 534 A.2d at 494; *see also Lowe v. Volkswagen of Am.*, 879 F.Supp. 28 (E.D.Pa.1995) (Pennsylvania Lemon Law governed by four (4) year statute of limitations because it is most closely analogous to statutory warranty under Uniform Commercial Code, which carries a four (4) limitations period). Because no Pennsylvania court has addressed this issue, I must predict how this matter would be decided

were it before the Pennsylvania supreme Court. *Packard*, 994 F.2d at 1046.

In the insurance context, the term "bad faith" has a distinct and universally accepted meaning:

> Insurance. "Bad Faith" on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir.1994) (citing *Black's Law Dictionary* 139 (6th ed.1990)); *Romano v. Nationwide Mut. Fire Ins. Co.*, 435 Pa.Super. 545, 646 A.2d 1228, 1232 (1994) (same). According to this definition, under Pennsylvania law, "bad faith" acts can sound in either tort or contract, depending upon the conduct exhibited. For example, the definition of bad faith explains that it is not necessary that a frivolous or unfounded refusal to pay insurance proceeds be fraudulent. This implies that fraudulent activity is, indeed, contemplated by the meaning of "bad faith." The definition of bad faith also encompasses the duty of good faith and fair dealing. Under Pennsylvania law, the implied covenant of good faith and fair dealing sounds in contract. *Engstrom v. John Nuveen & Co.* 668 F.Supp. 953, 958 (E.D.Pa.1987) (breach of implied covenant of good faith and fair dealing is a breach of contract action); *Creeger Brick & Bldg. Supply v. Mid–State Bank & Trust Co.*, 385 Pa.Super. 30, 560 A.2d 151, 153 (1989) (duty of good faith and fair dealing "arises under the law of contracts, not under the law of torts."). Therefore, "bad faith"—

---

2. Section 5527 provides:

> Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to limitation) must be commenced within six years.

42 Pa.C.S.A. § 5527 (Purdon's 1996).

3. *Sui generis* means:

> Of its own kind or class; i.e., the *only one* of its own kind; peculiar.

*Blacks Law Dictionary* 1434 (6th ed.1990) (emphasis in original).

4. If the state's highest court has not addressed the issue, a federal court should refer to the decisions of the state's intermediate appellate courts for guidance in how the state's highest court would rule.

as interpreted under Pennsylvania law—encompasses actions by an insured that sound in both tort and contract.

Reference to Pennsylvania's Unfair Insurance Practices Act ("UIPA"), an act which defines, provides for the determination of, and prohibits unfair methods of competition or unfair or deceptive acts or practices in the insurance industry, lends further support that actions under § 8371 can sound in either tort or contract. According to *Romano v. Nationwide Mut. Fire Ins. Co.*, 435 Pa.Super. 545, 646 A.2d 1228 (1994), a trial court may consider the kinds of unfair practices prohibited under UIPA to evaluate whether an insurer's conduct constitutes "bad faith" under § 8371. Among other things, UIPA forbids insurers from engaging in unfair practices that sound in tort. *See* 40 Pa.C.S. § 1171.5(a)(10)(i) (prohibiting the misrepresentation of provisions of insurance coverage). UIPA also forbids insurers from engaging in unfair practices that sound in contract under the implied covenant of good faith and fair dealing. *See* 40 Pa.C.S. § 1171.5(a)(10)(xiii) (prohibiting the failure to promptly settle claims when liability is reasonably clear for the purpose of influencing settlement on a different claim). Therefore, reference to UIPA in interpreting the meaning of § 8371 suggests that "bad faith" encompasses conduct that can sound in either tort or contract.

■ Under Pennsylvania law, fraud and deceit—tortious acts—are subject to the two (2) year statute of limitations under 42 Pa. C.S.A. § 5524(7). The statute of limitations for breach of contract actions, however, is four (4) years under 42 Pa.C.S.A. § 5525. The problem with applying the most closely analogous limitations period to bad faith actions arising under § 8371 is that one case may sound in tort while another case sounds in contract. The critical inquiry then becomes what limitations period applies to a statute that can sound in either tort or contract. The court in *Gabriel v. O'Hara*, 368 Pa.Super. 383, 534 A.2d 488 (1987), dealt with an analogous situation when determining the applicable limitations period for actions brought pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. §§ 201–1 *et seq.*, a statute enacted to protect the public from fraud and unfair or deceptive business practices. *See Pirozzi v. Penske Olds–Cadillac–GMC*, 413 Pa.Super. 308, 605 A.2d 373, 375 (1992) (citing *Commonwealth v. Monumental Properties, Inc.*, 459 Pa. 450, 329 A.2d 812, 817 (1974)). In *Gabriel*, the purchasers of residential property sued the vendor under various tort and contract theories because of substantial defects they discovered shortly after taking possession of the property. Subsequently, the purchasers petitioned for leave to amend their complaint to include a claim under UTPCPL. In UTPCPL, like § 8371, the legislature failed to provide a limitations period for actions brought pursuant to the act. Because the lower court in *Gabriel* reasoned that the underlying purpose of UTPCPL is to protect consumers against fraud, the court held that the two (2) year limitations period for fraud under 42 Pa.C.S.A. § 5524 should apply to the claim arising under UTPCPL. As more than two (2) years had elapsed since the accrual of their cause of action, the lower court held that the purchasers' cause of action under UTPCPL was time-barred. In another case arising under UTPCPL, however, a federal district court had applied a one (1) year statute of limitations in *Merv Swing Agency, Inc. v. Graham Co.*, 579 F.Supp. 429 (E.D.Pa.1983), instead of the two (2) year limitations period that the lower court in *Gabriel* had applied. In *Merv Swing*, the plaintiff, an insurance company, brought an action, *inter alia*, for trade disparagement under UTPCPL when the defendant, a competing insurance company, allegedly intentionally misrepresented the extent of the plaintiff's insurance coverage to an insured thereby causing the insured to transfer its insurance coverage to the defendant. Because the court held that the plaintiffs' trade disparagement claim under UTPCPL was "essentially a claim for libel," *id.* at 430, the court applied the one (1) year statute of limitations period under 42 Pa.C.S.A. § 5523 applicable to libel actions.

Referring to the lower court in *Gabriel* and the federal district court ruling in *Merv Swing*, the Pennsylvania Superior Court in the *Gabriel* appeal pointed out that it had to

determine the relevant limitations period for a statute that could sound in (at least) two different causes of action when each cause of action is governed by a different statute of limitations. UTPCPL covers an assortment of unfair practices that can sound in either misappropriation or trademark infringement or disparagement or false advertising or fraud or breach of contract or breach of warranty, depending upon the circumstances. *Gabriel,* 534 A.2d at 494. Because disparagement, fraud, and breach of contract are each governed by different limitations periods, the *Gabriel* court concluded that the inconsistent determinations as to the appropriate statute of limitations by the lower court in *Gabriel* and by the court in *Merv Swing* were directly attributable to the *sui generis* nature of the statute. As no explicit statute of limitations applies to a statute that can sound in many different causes of action each governed by a different limitations period, the *Gabriel* court held that the six-year "catchall" limitations period under 42 Pa. C.S.A. § 5527(6) governed UTPCPL.[5]

The case at hand presents a similar problem to that which faced the court in *Gabriel.* Actions under § 8371 can sound in either tort or contract and each is governed by a different statute of limitations. As explained in *Gabriel,* a uniform statute of limitations under § 8371 is necessary to avert inconsistency among the courts and uncertainty among the potential parties to such a suit. *Id.* at 494. Therefore, consistent with the court in *Gabriel,* I conclude that the Pennsylvania legislature has provided no explicit limitations period for claims brought pursuant to 42 Pa.C.S.A. § 8371. As § 5527 of the Judicial Code directs that actions not subject to any other statute of limitations are governed by a six (6) year limitations period, I conclude that the Supreme Court of Pennsylvania would most likely find that all actions brought pursuant to that statute are subject to the six (6) year "catchall" statute of limitations.

5. Section 5527 was amended in 1982. Before the amendment, the six (6) year "catchall" limitations provision was codified at § 5527(6). After the amendment and to the present day, the

*ORDER*

**AND NOW,** this 23rd day of May 1997, **IT IS ORDERED** that defendant's Motion for Judgment on the Pleadings is hereby **DENIED** because I conclude that a six (6) year statute of limitations period applies to actions arising under 42 Pa.C.S.A. § 8371.

six (6) year "catchall" provision is codified at § 5527. No substantive changes were made to this provision during the 1982 amendments, and the holding in *Gabriel* is thereby unaffected.