Kenneth L. LOCHBAUM, individually and Ken Lochbaum Physical Therapy Clinic, Inc., Plaintiffs,

v.

UNITED STATES FIDELITY & GUAR-ANTY COMPANY, now by merger St. Paul Insurance Companies, Defendant.

No. CIV.A. 00–154 ERIE.

United States District Court,
W.D. Pennsylvania.

Sept. 28, 2000.

James R. Fryling, Marsh, Spaeder, Baur, Spaeder, & Schaaf, Erie, PA, for Plaintiffs.

Edward P. Whittman, McClure & Miller, Erie, PA, James B. Burns, Deasey, Mahoney and Beneder, Philadelphia, PA, for Defendant.

## MEMORANDUM OPINION

McLAUGHLIN, District Judge.

This case arises under the Pennsylvania bad faith statute applicable to insurers, 42 Pa. Cons.Stat. Ann. § 8371.[1] We have jurisdiction pursuant to 28 U.S.C. § 1331, and are asked to determine the proper statute of limitations for section 8371 claims. The Defendant has filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that the Plaintiffs' action is time-barred. In the alternative, the Defendant has filed a Motion for a More Definite

---

1.  In its entirety, this statute provides:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
(2) Award punitive damages against the insurer.
(3) Assess court costs and attorney fees against the insurer.
42  Pa. Cons.Stat. Ann. § 8371.

Statement pursuant to Fed.R.Civ.P. 12(e). Magistrate Judge Robert C. Mitchell issued a Report and Recommendation regarding this matter on August 4, 2000. For the reasons that follow, we decline to accept the Magistrate's recommendation that the statute of limitations for section 8371 claims under Pennsylvania law is six years. Because we find that the statute of limitation is two years, we grant the Defendant's Motion to Dismiss on the ground that Plaintiffs' claim is time-barred and do not reach the Motion for a More Definite Statement.

## I. BACKGROUND

On June 12, 1994, a fire severely damaged real property and destroyed personal property owned by the Plaintiffs and insured by a commercial policy issued by then United States Fidelity & Guaranty Company and now by merger St. Paul Insurance Companies (hereinafter "Defendant"). (*See* Complaint, ¶¶ 8–10). Shortly thereafter, the Plaintiffs filed a claim with the Defendant and allege that, throughout its handling, the Defendant pursued a course of bad faith conduct that resulted in a delayed recovery and damages including but not limited to lost profits, rents, and costs from a demanded arbitration. (*See* Complaint, ¶¶ 16–39). The specific instances of behavior alleged to have been undertaken in bad faith are numerous and immaterial to this discussion. In 1996, the Plaintiffs were ultimately awarded $2,160,173, an amount significantly greater

than the $778,000 offered to resolve the claim in 1994. (*See* Complaint, ¶¶ 23, 30). The Plaintiffs commenced this action on March 20, 2000.[2]

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) is evaluated by accepting all allegations in the complaint as true and viewing them in the light most favorable to the plaintiffs. *See Gould Electronics Inc. v. United States*, 220 F.3d 169 (3d Cir.2000) (citing *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1420 (3d Cir. 1997)). The proper inquiry is "whether relief could be granted ... 'under any set of facts that could be proved consistent with the allegations.'" *Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 71 (3d Cir. 1994) (quoting *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994)). If no cause of action can be identified, dismissal is proper.

## III. DISCUSSION

Section 8371 does not contain a statute of limitations provision, and the Pennsylvania Supreme Court has yet to determine which of several potential limitations periods applies to actions under the statute. The possibilities include the two-year period applicable to "action[s] upon a statute for a civil penalty" and tort actions, 42 Pa. Cons.Stat. Ann §§ 5524(5), 5524(7),[3] the four-year period applicable to contract actions, 42 Pa. Cons.Stat. Ann. § 5525(8),[4]

---

**2.** The Plaintiffs concede that if either a two or four-year statute of limitations period applies, their action is time-barred.

**3.** In pertinent part, section 5524 provides:

The following actions and proceedings must be commenced within two years: ... (5) an action upon a statute for a civil penalty or forfeiture ... (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious

conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa. Cons.Stat. Ann. §§ 5524(5), 5524(7).

**4.** In pertinent part, section 5525 provides:

The following actions and proceedings must be commenced within four years: ... (8) An action upon a contract, obligation or liability founded upon a writing not speci-

and the six-year "catchall" period applicable to actions that do not fall into an enumerated category and are not excepted from the application of a limitations period, 42 Pa. Cons.Stat. Ann § 5527.[5]

■■■ In the absence of an opinion from a state's highest court on a matter of state law before it, a federal court sitting in diversity must predict how that court would rule on the matter if it were confronted with it. *See Packard v. Provident National Bank*, 994 F.2d 1039, 1046 (3d Cir.1993). In making this determination, the court must consider "relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." *Id.* Given the decision of a lower state court and a conflicting decision of a federal court, the opinion of the state court is given greater weight. *See id.* at 1047.

The Pennsylvania state courts that have addressed the applicable statute of limitations for section 8371 claims have reached conflicting conclusions. *See Susich v. Prudential Property & Cas. Ins. Co.*, 35 Pa. D. & C.4th 178 (Ct.C.P. Beaver Co.1998) (applying a two-year period on ground that bad faith claims fall into both the "civil penalty" and tort categories); *Mantia v. Northern Ins. Co. of New York*, 39 Pa. D. & C.4th 71 (Ct.C.P.Lanc.Co.1998) (applying a six-year period on ground that bad faith claims embody elements of both tort and contract); *Hospital Shared Services v. CIGNA Ins. Co.*, No. GD95-2956 (Ct. C.P.Allegh.Co.1998) (applying a six-year period on ground that section 8371 creates a private cause of action for claims under the Pennsylvania Unfair Insurance Practices Act, 40 Pa. Stat.Ann §§ 1171.1–1171.15, and that such causes of action arise under statutorily created obligations as well as under tort law); *Copeland v. Farmers Mutual Fire Ins. Co. of McCandless County*, No. 11219–1997, 82 Erie Co. L.J. 27 (Ct.C.P. Erie Co.1997) (applying a six-year period on ground that section 8371 claims are *sui generis* and embody elements of both tort and contract).

Likewise, the federal courts in Pennsylvania that have faced the issue have divided between the two and six-year possibilities. *See Nelson v. State Farm Mut. Aut. Ins. Co.*, 988 F.Supp. 527 (E.D.Pa.1997); *Friel v. Unum Life Ins. Co. of America*, No. CIV. A. 97–1062, 1998 WL 800336 (E.D.Pa.1998); *McCarthy v. Scottsdale Ins. Co.*, No. C.A. 99–978, 1999 WL 672642 (E.D.Pa.1999); *Mantakounis v. Aetna Cas. & Sur. Co.*, No. CIV A. 98–4392, 1999 WL 600535 (E.D.Pa.1999); *Liberty Mut. Fire Ins. Co. v. Corry Indus.*, C.A. 97–172E (W.D.Pa.2000) (each applying a two-year period), and *Woody v. State Farm Fire & Cas. Co.*, 965 F.Supp. 691 (E.D.Pa. 1997); *Kosierowski v. Allstate Ins. Co.*, 51 F.Supp.2d 583 (E.D.Pa.1999); *Miller v. The Cincinnati Insurance Co.*, No. 97–CV–1223 (E.D.Pa.1997) (each applying a six-year period). We find it useful to set forth the rationale of both lines of cases as well as the history of the bad faith claim.

The cases that have applied a two-year period have largely characterized claims under section 8371 as tort actions. In explanation, these courts have discussed or noted the development of the bad faith

---

fied in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

42 Pa. Cons.Stat. Ann. § 5525(8).

**5.** Section 5527 provides:

Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.

42 Pa. Cons.Stat. Ann. § 5527.

claim generally. *See Nelson,* 988 F.Supp. at 531–34; *McCarthy,* 1999 WL 672642, at *3. Beginning with the landmark decision of the California Supreme Court in *Gruenberg v. Aetna Ins. Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973), a majority of jurisdictions have recognized the bad faith claim in both the third and first-party contexts as a tort action distinct from a breach of contract claim on the insurance contract. *See Nelson,* 988 F.Supp. at 533–34 (noting that at least twenty-nine jurisdictions appear to characterize the first-party bad faith claim as a common law tort and citing Douglas R. Richmond, *The Two Way Street of Insurance Good Faith: Under Construction, But Not Yet Open,* 28 Loy. U. Chi. L.J. 95, 107 n. 74 (1996)). As the California court stated in *Gruenberg:*

> The duty violated—that of dealing fairly and in good faith with the other party to a contract of insurance—is a duty imposed by law, not one arising from the terms of the contract itself. In other words, this duty of dealing fairly and in good faith is nonconsensual in origin rather than consensual. Breach of this duty is a tort. *Gruenberg,* 108 Cal.Rptr. 480, 510 P.2d at 1037 (internal citations omitted).

Under this rationale the duty breached in a bad faith action arises from the relationship of the contracting parties rather than from the terms of the insurance contract. This action more closely resembles a tort than a contract because the standard of conduct is an exogenous one rather than one derived from specific contract terms. *See Nelson,* 988 F.Supp. at 533.

The cases that have applied a six-year period, on the other hand, have generally determined that actions under section 8371 may sound in either tort or contract, and therefore fall into the six-year "catchall" period because they cannot be exclusively characterized as one or the other. *See Woody,* 965 F.Supp. at 693–94; *Mantia,* 39

Pa. D. & C.4th at 76. In *Woody,* Judge Brody referenced the broad definition of bad faith used in the insurance context for this proposition, and also identified the Pennsylvania Unfair Insurance Practices Act ("UIPA") as "lend[ing] further support that actions under § 8371 can sound in either tort or contract." *Woody,* 965 F.Supp. at 694. According to Judge Brody, some of the practices prohibited by UIPA sound in tort while others sound in contract. *See id.* In reaching bad faith determinations, Pennsylvania courts regard conduct constituting a violation of the UIPA as one of several relevant factors. *See O'Donnell v. Allstate Ins. Co.,* 734 A.2d 901, 906 (Pa.Super.Ct.1999).

The general history of bad faith claims is complicated in Pennsylvania by the Pennsylvania Supreme Court's decision in *D'Ambrosio v. Pennsylvania Nat'l Mut. Cas. Ins. Co.,* 494 Pa. 501, 431 A.2d 966 (1981). In this case, the court declined to create a common law bad faith claim, stating that "[t]here is no evidence to suggest, and we have no reason to believe, that the system of sanctions established under the Unfair Insurance Practices Act must be supplemented by a judicially created cause of action." *Id.* at 970. Nine years after *D'Ambrosio,* the state legislature enacted section 8371. This decision and the legislature's response have produced divergent views on the substantive basis of the statute.

In *Nelson,* Judge Dalzell stated that "the Pennsylvania Supreme Court in D'Ambrosio contemplated the creation of a tortious cause of action for bad faith, but explicitly left the creation of such an action to the discretion of the General Assembly. There is also little doubt that § 8371 owes its existence to D'Ambrosio's invitation." *Nelson,* 988 F.Supp. at 532. In *Hospital Shared Services,* however, Judge Wettick stated in disagreement that "[a]t the most,

the invitation was to create a private cause of action based on the unfair practices enumerated within the [Unfair Insurance Practices] act rather than to create a new tort." *Hospital Shared Services*, No. GD95–2956 at 4. Because Judge Wettick further found that the UIPA in part established new obligations having little or no relationship to tort law, he held that actions under section 8371 are governed by the six-year period of limitations. *See id.*

◼ The pivotal inquiry, in our view, is whether section 8371 prescribes an obligation that is derived from tort law, the terms of the insurance contract, or some other source of law such as the UIPA. Despite the consideration Pennsylvania courts give to conduct that violates the UIPA in determining whether insurers have acted in bad faith and the factual connection to an insurance contract that every section 8371 claim bears, we regard the obligation imposed by the statute as a tort duty. The Pennsylvania Superior Court has adopted the definition of bad faith contained in *Black's Law Dictionary*, which provides that bad faith is:

> ... any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e. good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith. *O'Donnell*, 734 A.2d at 905 (Pa.Super.Ct.1999)(quoting *Romano v. Nationwide Mut. Fire Ins. Co.*, 435 Pa.Super. 545, 646 A.2d 1228, 1232 (1994)).

We agree with the *Nelson* court's statement that "[s]uch an inquiry into the reasonableness of the insurer's behavior, to see whether it is perhaps more than mere negligence or bad judgment bears the classic earmarks of the law of torts." *Nelson*, 988 F.Supp. at 533. At its core, the duty allegedly breached in a bad faith action in Pennsylvania and elsewhere is the basic obligation of an insurer "to act in good faith and deal fairly with its insureds so as not to deprive the insured of the very benefits for which he or she has contracted." *The Best Place, Inc. v. Penn America Ins. Co.*, 82 Hawai'i 120, 920 P.2d 334, 343 (1996). This obligation is fundamentally one of reasonableness, and although the specifics of what is reasonable in the insurance context may be in part derived from other statutes such as the UIPA and/or contract terms, we understand the duty itself to derive from tort law.[6] It is imposed because of the relationship between the insurer and the insured, and not because of these other statutes or contract terms. That the duty is informed by these sources does not, in our view, change its character as a tort obligation.

In *Woody*, Judge Brody also noted that application of the six-year period would avoid the inconsistency and uncertainty that would emerge from a case-by-case selection of the two or four-year period depending on whether a particular case sounded in contract or tort. *See Woody*, 965 F.Supp. at 695. Because we find that section 8371 actions sound exclusively in tort, we note that there is no possibility for this inconsistency to develop. Further, we agree with Judge Dalzell that, even assuming section 8371 actions could in some instances sound in contract, it makes little

---

6. The Pennsylvania Superior Court has held that, in evaluating the conduct of an insurer under section 8371, trial courts may consider: "(1) other cases construing the statute and the law of 'bad faith' generally; (2) the plain meaning of the term(s) used in the statute; and/or (3) other statutes upon the same or similar subjects ..." *Romano v. Nationwide Mut. Fire Ins. Co.*, 435 Pa.Super 545, 646 A.2d 1228, 1233 (1994).

sense to apply a limitations period that is the sum of the relevant possibilities. "Put another way, given the options of two or four years, it does not strike us as a reasonable reading to add the two periods together." *Nelson,* 988 F.Supp. at 534 n. 11.

## IV. CONCLUSION

For the reasons above, we predict that the Pennsylvania Supreme Court, if confronted with the issue, would hold that section 8371 claims are subject to the two-year statute of limitations provided in 42 Pa. Cons.Stat. Ann. § 5524(7). Because we so hold, we find that the Plaintiffs' action is time-barred and grant the Defendant's Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(6).

## ORDER

AND NOW, this—day of September 2000, IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P 12(b)(6) be and hereby is granted.