# Susich v. Prudential Property & Casualty Insurance Co.

*Mitchell P. Shaken,* for plaintiff.
*John B. Cromer,* for defendants.

KUNSELMAN, *J.,* April 15, 1998—One issue before the court is one of first impression, whether the six-year or two-year statute of limitations period applies to a bad faith action under 42 Pa.C.S. §8371. The issue is raised in a motion for summary judgment filed on behalf of the defendants, Prudential Property & Casualty Insurance Company and Dana A. Norton. Prudential and Norton also contend therein that Norton cannot be liable under section 8371 since Norton is an agent not an insurer, that the evidence does not support a bad faith claim against Prudential, and that the evidence does not support a claim under the Unfair Trade Practices and Consumer Protection Law.

Summary judgment may be granted in whole or in part:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

The facts are outlined as follows.

Prudential's agent, Norton, processed an application by Nick and Jeanne Susich for a change in Susich's homeowners policy which covered their home in Ohioville Borough. Because Susich asked Norton to make sure he was covered if anything should happen,

Susich anticipated that the policy would provide coverage for a loss which occurred on March 19, 1992. On that date, a portion of the foundation wall of their front porch collapsed causing considerable damage to the structure.

Susich submitted a claim to Prudential which was denied on March 20, 1992. Susich filed an action against Prudential for breach of the contract of insurance which is pending. Susich also filed this action on March 18, 1996. In this action, Susich contends that Prudential acted in bad faith in denying coverage for the damage and so is liable under section 8371 for punitive damages and attorney's fees. Susich also contends that Norton and Prudential's conduct violated the Consumer Protection Law and so they are entitled to treble damages and attorney's fees.

## STATUTE OF LIMITATIONS

Prudential and Norton contend that the two-year period of limitations contained in 42 Pa.C.S. §5524 applies to a bad faith claim. Susich contends that the six-year period of limitations contained in 42 Pa.C.S. §5527 applies to bad faith claims. Since there is no genuine issue of fact, we conclude that the two-year period applies and therefore Prudential and Norton are entitled to judgment on the bad faith claim under Pa.R.C.P. 1035.2(1).

The six-year period of limitations only applies to actions which are neither subject to another specific limitation period nor excluded from the application of a limitation period by section 5531 of the Act. Since none of the exclusions listed in section 5531 are applicable, we must determine if another specific limitation period applies. Prudential and Norton contend that the

two-year period applies because of section 5524(5) or (7).

Section 5524 provides, in part, that

"The following actions and proceedings must be commenced within two years:

"(5) an action upon a statute for a civil penalty or forfeiture.

"(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter." 42 Pa.C.S. §5524(5) and (7). We think this case comes within both subsections 5 and 7.

A civil penalty "[r]epresents punishment for specific activities: *e.g.* violation of antitrust or securities laws, usually in the form of fines or money damages. See damages (exemplary or punitive damages); penal action; statutory penalty; treble damages." Black's Law Dictionary 246 (6th Edition 1990). Because the bad faith statute authorizes awards of interest at prime rate plus 3 percent, punitive damages, and court costs and attorney's fees if the court finds that the insurer has acted in bad faith toward the insured, it clearly is a statutory action for a civil penalty.

In addition, our Superior Court has approved a definition of "bad faith" as it relates to insurance. It includes conduct which "imports a dishonest purpose and means a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; . . . ." *Terletsky v. Prudential Property & Casualty Insurance Company*, 437 Pa. Super. 108, 125, 649 A.2d

680, 688 (1994), *allocatur denied*, 540 Pa. 641, 659 A.2d 560 (1995).

Susich argues that Prudential's conduct constitutes "bad faith" as that term is defined in *Terletsky*. The conduct complained of includes deciding not to pay the claim without first conducting an investigation or an adequate investigation and compensating adjusters based upon the speed in which they close a file, thereby providing them an incentive to deny a claim.

While Susich is seeking punitive damages and attorney's fees in this action and not the damage to his property, and therefore the first part of subsection seven does not apply, the conduct complained of certainly sounds in trespass. Denial of a claim without an investigation goes to intentional wrongdoing. Denial of a claim without first conducting an adequate investigation goes to negligence. Encouraging adjusters to deny claims goes to good faith or fair dealing.

Since we conclude that the bad faith claim is barred by the two-year period of limitations, we need not discuss the remaining issues relating to that claim.

## CONSUMER PROTECTION LAW

Susich claims to have a cause of action against Prudential and Norton under the Consumer Protection Law, specifically section 2(4)(xvii). At the time complained of, that section provided that "[e]ngaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding" constituted an unfair method of competition or an unfair and deceptive act or practice. 73 P.S. §201-2(4)(xvii). The facts upon which this claim is based are identical to the facts upon which the bad faith claim is based.

In order for a claim to be actionable under section 2(4)(xvii) of the Consumer Protection Law, the conduct must be fraudulent. The elements of common-law fraud must be proven. *Hammer v. Nikol,* 659 A.2d 617, 619-20 (Pa. Commw. 1995).

The elements of common-law fraud include "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance." *Huddleston v. Infertility Center of America Inc.,* 700 A.2d 453, 461 (Pa. Super. 1997).

Susich testified that he agreed to changes in his policy recommended by Norton because Norton assured him that he would provide Susich with a policy which covered everything and would save him money. Thus, there is evidence of a material representation. A fact-finder could reasonably infer from the evidence that the representation was false when made, that Norton either knew it was false or was reckless as to whether it was true or false, and that Norton intended Susich to rely upon it. Because Norton was an agent of Prudential and therefore presumed to know what coverages were available and what coverages were included in Susich's policy, Susich would have had a right to rely upon the representation of coverage. Finally, Susich sustained damage in the form of lack of insurance to cover the loss which occurred when the wall collapsed.

For the foregoing reasons, we conclude that a genuine issue of fact exists as to the Consumer Protection Law claim, and summary judgment cannot be granted to Prudential and Norton. An appropriate order is attached.

## ORDER

There is no genuine issue of fact as to the application of the statute of limitations on Count 1. Therefore, the defendants, Prudential Property & Casualty Insurance Company and Dana A. Norton Sr., are entitled to judgment on Count 1 and judgment will be entered at the appropriate time.

The motion for summary judgment on Count 2 is refused.