812 A.2d 614

COMMONWEALTH of Pennsylvania, Acting by Attorney General D. Michael FISHER, Appellant,

v.

TIGER SCHULMANN'S KARATE CENTERS a/k/a United American Karate and Philly Karate, Inc. d/b/a Tiger Schulmann's Karate Centers and Quakertown Karate, Inc. d/b/a Tiger Schulmann's Karate and Fitness Center and Willow Grove Karate, Inc. d/b/a Tiger Schulmann's Karate and Fitness Center and Tiger Schulmann's Karate and Fitness Center and Daniel Schulmann, Appellees.

Supreme Court of Pennsylvania.

Argued April 8, 2002.

Decided Dec. 19, 2002.

John Michael Abel, John G. Knorr, D. Michael Fisher, Calvin Royer Koons, Alexis Leslie Barbieri, Harrisburg, for Com.

Scott Levenson, for Tiger Schulmann's Karate Centers, et al.

Before ZAPPALA, C.J., CAPPY, CASTILLE, NIGRO, SAYLOR and EAKIN, JJ.

## *OPINION*

Chief Justice ZAPPALA.

This is a direct appeal from an equity complaint in the original jurisdiction of the Commonwealth Court. The Commonwealth filed an equity complaint against the Appellees on December 31, 1996, pursuant to Section 4 of the Unfair Trade Practices and Consumer Protection Law. The complaint alleged that Appellees violated provisions of the Health Club Act, Act of December 21, 1989, P.L. 672 *as amended*, 73 P.S. § 2161 *et seq.* Specifically, the Commonwealth alleged that Appellees were operating health clubs, governed by the Health Club Act, but had failed to register their businesses as required by the Act. Additionally, the Commonwealth alleged that Appellees entered into contracts to provide health club services for more than three months, that these contracts did not contain all of the disclosures required by the Health Club Act, and that Appellees did not maintain financial security as required by the Health Club Act. 73 P.S. §§ 2163, 2171–2173.

Appellees answered the complaint with new matter arguing that their karate centers are not "health clubs" for the purposes of the Health Club Act. Appellees also asserted that the Commonwealth was barred from bringing this action by the doctrine of laches.[1] Both parties filed amended pleadings reiterating the allegations and defenses stated above. On June 30, 2000, the Commonwealth filed a motion for partial summary judgment alleging that there were no material issues

1. This argument is not before us.

of fact, and that it had demonstrated that Appellees were operating health clubs in violation of the Health Club Act. Appellees filed a cross-motion for summary judgment arguing that they do not operate health clubs as defined by the act, that the Commonwealth is barred from proceeding by laches, and that the Health Club Act was unconstitutionally vague in its definition of health club.

The Commonwealth Court found that, although Appellees stressed physical health and fitness in their advertisements, their primary business was offering karate instruction and classes. The court then held that a business which primarily offers facilities for karate instruction is not within the definition of "health club," and is not governed by the provisions of the Health Club Act. The Commonwealth Court granted summary judgment in favor of Appellees.

Section 2  of the Health Club Act, contains the following definition:

**"Health Club."** A person, firm, corporation, organization, club or association engaged in the sale of memberships in a health spa, racquet club, figure salon, weight reduction center or other physical culture service enterprise offering facilities for the preservation, maintenance, encouragement or development of physical fitness or physical well-being. The term shall not include the following:

(1) Bona fide nonprofit religious, ethnic, community or service organizations whose functions as health clubs are only incidental to their overall functions and purposes as determined by the director.

(2) A facility owned or operated by the Federal Government.

(3) A facility owned or operated by this Commonwealth or any of its political subdivisions.

(4) A nonprofit public or private school, college or university whose functions as health clubs are only incidental to their overall functions and purposes as determined by the director.

(5) A private club owned and operated by its members.

(6) A weight reduction organization which emphasizes diet and nutrition and which does not provide physical exercise facilities and does not conduct a physical exercise program on the premises as part of its services and as determined by the director.

The sole question before this Court on appeal is whether Appellees' businesses are within this definition. We hold that they are not, and affirm the Commonwealth Court for the reasons below.

As this is a question of law, our review is plenary. *See Washington v. Baxter*, 553 Pa. 434, 719 A.2d 733, 737 (1998). With every question of summary judgment, we review the record in the light most favorable to the non-moving party, and all questions regarding the existence of a genuine issue of material fact must be resolved in favor of the non-moving party. *Id.* The Commonwealth argues that the Commonwealth Court failed to give proper accord to the evidence it presented in support of its motion for summary judgment. The court found that

[a]lthough [Appellees'] advertisements at times stressed the physical fitness benefits of its program, the record lacks evidence of any fitness program offered by [Appellees] other than martial arts/karate instruction.

771 A.2d at 110. Rather than indicate to this Court the record evidence that demonstrates that Appellees offered programs other than martial arts/karate instruction, the Commonwealth merely reiterates it reliance upon Appellees' self-representation. This argument, as discussed below, is not persuasive and does not indicate that the Commonwealth Court ignored evidence of record.

The Commonwealth demonstrated that Appellees registered the fictitious name "Tiger Schulmann's Karate and Fitness Center" with the Pennsylvania Department of State. The Commonwealth also presented evidence in the form of various advertisements in the *Philadelphia Inquirer* and other media, which touted the physical benefits of their services. The Commonwealth presented no evidence that the registered

name of the corporation legally defines the business. Instead, it argued that Appellees' public representation of the nature of their business should prevail.

Appellees presented deposition testimony that demonstrated that, the primary purpose of their business is martial arts/karate instruction for self-defense, self-discipline, and self-confidence, with an accompanying benefit of physical fitness. Appellees' facilities generally consist of one large training area, office space, and a changing area. Appellees have no machinery or exercise equipment rooms. Appellees do sell some equipment for karate training such as pads and footgear.

The Commonwealth's first argument is that Appellees' businesses are within the plain statutory language of Section 2 of the Health Club Act. Specifically, the Commonwealth argues that these businesses are "other physical culture service enterprise[s] ... encour[aging] ... physical well-being."

The Commonwealth Court found that "the evidence of record indicates that the primary purpose of [Appellees'] facilities is martial arts/karate instruction for self-defense, self-discipline and self-confidence, with an accompanying benefit of physical fitness." 771 A.2d at 110. The Commonwealth asserts that the court erred in analyzing what the "primary purpose" of Appellees' business is. The Commonwealth's argument that this is an extra-statutory analysis is curious, as the analysis forwarded by the Commonwealth, *i.e.,* a focus on Appellees' self-representation is also not apparent in the statute. Both parties agree that Appellees teach karate. Karate is "an Oriental art of self-defense in which an attacker is disabled by crippling kicks and punches." Merriam–Webster's Collegiate Dictionary 657 (9th ed.1989). We cannot agree with the Commonwealth's argument that this "art of self-defense" is the same as the "preservation, maintenance, encouragement or development of both physical fitness and physical well-being." Because we find that, in this case, the statutory definition clearly and unambiguously does not include Appellees' businesses within the definition of "health

club", we need not extend our analysis to the intent of the legislature in passing the statute.[2] *See* 1 Pa.C.S. § 1921(b).

For the reasons stated, the order of the Commonwealth Court is affirmed.

Justice NEWMAN did not participate in the consideration or decision of this case.

Justice SAYLOR concurs in the result.

Justice NIGRO files a dissenting opinion.

Justice NIGRO, Dissenting.

As I disagree with the majority that a martial arts facility is not a health club for purposes of the Health Club Act, I must respectfully dissent.

The Act defines a health club as:

A person, firm, corporation, organization, club or association engaged in the sale of memberships in a health spa, racquet club, figure salon, weight reduction center or *other physical culture service enterprise offering facilities for the preservation, maintenance, encouragement or development of physical fitness or physical well-being.*

73 P.S. § 2162 (emphasis added).

This definition plainly includes martial arts centers, which clearly are, at least in my view, "physical culture service enterprise[s] offering facilities for the preservation, maintenance, encouragement or development of physical fitness or well-being." While the majority essentially finds that karate does not preserve, maintain, encourage, or develop physical fitness or well-being, such a position completely conflicts with my understanding of what karate entails. The art of karate,

---

**2.** Because we find the words of the statute explicit, we need not reach an analysis of the General Assembly's intention and therefore the Commonwealth's arguments regarding the need to apply the provisions of the Health Club Act to Appellees and similar businesses due to the similarity in business practices to businesses which are controlled by the Health Club Act are superfluous here; these concerns are better addressed to the General Assembly so that that body may determine the proper course of action. *See* 1 Pa.C.S. § 1921(c).

as even Appellees noted in their advertisements, is a physical activity that builds and tones muscle and increases cardiovascular fitness. That said, I have trouble reaching the conclusion that Appellees are not, at a minimum, physical culture service enterprises engaged in encouraging physical well-being.

Thus, unlike the majority, I agree with the Commonwealth that martial arts centers, such as Appellees, squarely fit within the Health Club Act's definition of a health club and therefore, that Appellees are required to comply with the Health Club Act.