# Ash v. Continental Insurance Co.

C.P. of Lawrence County, no. 10492 of 2002, C.A.

*John W. Hodge,* for plaintiffs.
*Maureen C. Zemel,* for defendant.

MOTTO, *J.,* September 15, 2003—Before the court for disposition are (1) the defendant's motion for summary judgment requesting that plaintiffs' complaint for breach of an insurance contract be dismissed because the action was commenced after the expiration of the one-year limitation period set forth in the insurance contract, and (2) plaintiffs' motion for leave to amend the complaint to add a claim for bad faith pursuant to 42 Pa.C.S. §8371.

The issues that are dispositive of the foregoing matters are as follows:

(1) Is the one-year limitation period set forth in the insurance contract applicable to plaintiffs' claim of breach of the insurance contract for refusal to pay the insurance proceeds?

(2) Is a bad faith cause of action pursuant to 42 Pa.C.S. §8371 subject to a two-year statute of limitations relating to actions in tort, therefore requiring the court to refuse plaintiffs' motion for leave to amend complaint

on the basis that the proposed bad faith claim is barred by the applicable statute of limitations?

Plaintiffs entered into an insurance contract with the defendant whereby defendant issued a policy of insurance on plaintiffs' premises situated at 2034 Moravia Street, Lawrence County, Pennsylvania. On or about July 8, 2000, while the policy was in effect, a fire ensued, causing loss to the insured premises. Plaintiffs provided defendant with a timely notice of loss, but defendant issued a letter on November 21, 2000, declining to honor the claim citing concealment or fraud. This refusal to pay the insurance proceeds resulted in plaintiffs filing of a complaint against defendant on May 3, 2002 seeking damages for breach of the insurance contract.

In its motion for summary judgment, defendant asserted the one-year limitation period found in the insurance contract. During the argument of the motion for summary judgment on June 23, 2003, counsel for the plaintiffs presented a motion for leave to amend complaint. The proposed amended complaint attached to plaintiffs' motion for leave to amend added a second count for bad faith pursuant to 42 Pa.C.S. §8371. This court issued a rule to show cause directing the defendant to show cause why plaintiffs' motion for leave to amend complaint should not be granted. Defendant's response to rule to show cause opines that the proposed second count is barred by application of the statutory limitations period.

The count in the complaint is for breach of the insurance policy contract. That this count is barred by the policy's statute of limitations is not seriously disputed. With the fire happening on or about July 8, 2000, and

the action commencing May 3, 2002, a period of nearly 22 months elapsed, nearly 10 months beyond the period allowed by contract. One-year limitation periods for commencing suits imposed by insurance policies are recognized and honored by the Pennsylvania courts. *Schreiber v. Pennsylvania Lumberman's Mutual Insurance Co.,* 498 Pa. 21, 444 A.2d 647 (1982); *March v. Paradise Mutual Insurance Co.,* 435 Pa. Super. 597, 646 A.2d 1254 (1994), *appeal denied,* 540 Pa. 613, 656 A.2d 118 (1995). No reason has been advanced by plaintiffs as to why the contractual limitation period is not applicable to the plaintiffs' complaint.

Plaintiffs now seek to amend the complaint to add a claim for bad faith pursuant to 42 Pa.C.S. §8371. Defendant opposes the proposed amendment on the basis that such a claim is also time barred, being subject to a two-year statute of limitations. The legislature of our Commonwealth has not specifically delineated a statute of limitations for this type of action, and thus far, the appellate courts of this Commonwealth have not ruled on this issue.

Plainly, the one-year limitation of 42 Pa.C.S. §5523 placed upon defamation, invasion of privacy, civil penalty, forfeiture and actions on bonds does not apply. *March v. Paradise Mutual Insurance Co., supra.* The two-year limitation of 42 Pa.C.S. §5524 placed on tort actions has been held to be applicable as will be discussed *infra.* The limitation period set forth by the plaintiffs as the most apposite is the four-year limitation of 42 Pa.C.S. §5525. Plaintiffs' brief in support of motion for leave to amend complaint, pp. 2-4. This four-year limitation is applicable to actions in contract. 42 Pa.C.S. §5525. The

five-year limitation of 42 Pa.C.S. §5526, relating to actions of real property judgment liens, contract for the sale of real property and enforcement of trusts as to real property is obviously not applicable. Finally, the catch-all six-year limitation of 42 Pa.C.S. §5527 would apply if no other section specifically applies, and is a limitation period that has also been held to be applicable as also will be discussed *infra.*

In advancing the four-year statute of limitations (42 Pa.C.S. §5525), the plaintiffs contend that the underlying claim is one in contract. Since the insurer is in a fiduciary capacity due to the contract and as refusal of a claim can only be seen as bad faith because of that fiduciary capacity, it is argued that this bad faith insurance claim under 42 Pa.C.S. §5527 should be seen as claim ex contractu and, therefore, subject to the four-year statute of limitations of 42 Pa.C.S. §5525. However, we have not been cited to, nor can we find, any court applying Pennsylvania law ruling the four-year limit is applicable to a section 8371 action.

Contract law, the corpus juris plaintiffs advocate as most akin, concerns itself with promises parties exchange between themselves. Since it determines whether monies are owed under the policy strictly by the terms of the policy, it is an endogenous frame of reference. Contract law is the body of law that would apply to determine whether monies would be owing under the policy as per the breach of contract claim contained in its complaint.

A section 8371 bad faith action differs from the claim for breach of the contract for insurance coverage. In the bad faith action, the insurer can be liable for damages extra contractual (including punitive damages). The mere

withholding of benefits based on some reasonable interpretation of the contract will not give rise to these additional damages. What will only give rise to these additional damages is bad faith. "For purposes of an action against an insurer for failure to pay a claim" bad faith "imports a dishonest purpose and means a breach of a known duty (*i.e.* good faith and fair dealing) through some motive of self interest or ill will[.]" *Adamski v. Allstate Insurance Co.,* 738 A.2d 1033, 1036 (Pa. Super. 1999), quoting Black's Law Dictionary. " 'Bad faith' on [the] part of [an] insurer is any frivolous or unfounded refusal to pay proceeds of a policy." *Romano v. Nationwide Mutual Fire Insurance Co.,* 435 Pa. Super. 545, 553, 646 A.2d 1228, 1232 (1994). See also, *O'Donnell v. Allstate Insurance Co.,* 734 A.2d 901 (Pa. Super. 1999).

The essence of the bad faith action is that the withholding of benefits is "frivolous" or "unfounded," or arises from a "dishonest purpose" or a "motive of self-interest or ill will." The prohibition against allowing an insurer to act in such manner has no roots in the contract itself, but arises from societal expectations completely independent of any contract. The very basis for the creation of the bad faith cause of action is beyond the domain of the law of contracts and well into the domain of the law of torts.

Pennsylvania state courts and the federal courts in Pennsylvania have been divided between the application of a two-year as opposed to a six-year statute of limitations to a bad faith section 8371 claim.

*Susich v. Prudential Property and Casualty Insurance Co.,* 35 D.&C.4th 178, 181-82 (1998), applied a two-year period reasoning that bad faith claims fall into both the "civil penalty" and tort categories of 42 Pa.C.S.

§5524(5) and (7). However, *Trujillo v. State Farm Mutual Automobile Insurance Co.,* 54 D.&C.4th 241 (2001), and *Mantia v. Northern Insurance Co. of New York,* 39 D.&C.4th 71 (1998), both applied a six-year period, reasoning that bad faith claims sound in, and contain elements of both, contract and tort, and that therefore the "catchall" statute of limitations of 42 Pa.C.S. §5527 was applicable, which provides for a six-year period for an action not subject to a statutorily specified limitation. The Superior Court in *Trujillo* reversed the trial court and imposed a two-year statute, but then withdrew the opinion. 2002 Pa. Super. Lexis 3705 (Sept. 4, 2002).

In *Haugh v. Allstate Insurance Co.,* 322 F.3d 227 (3d Cir. 2003), the United States Court of Appeals, in predicting how the Pennsylvania Supreme Court would rule if confronted with the issue now under consideration, held that under Pennsylvania law the limitations period for a statutory bad faith action against an insurer was the two-year statute, 42 Pa.C.S. §5524(7), applicable to tort actions, and not the four-year period of 42 Pa.C.S. §5525(8), applicable to contract actions or the six-year "catchall" period of 42 Pa.C.S. §5527.

The *Haugh* court reviewed the federal and state decisions that had found either a two-year or six-year period to be applicable. *Haugh* found it more persuasive that section 8371 is an action that sounds in tort, adopting the interpretation that the bad faith action is a legislative creation of a new tort in response to language contained in *D'Ambrosia v. Pennsylvania National Mutual Casualty Insurance Co.,* 494 Pa. 501, 431 A.2d 966 (1981), where the Pennsylvania Supreme Court refused to acknowledge a judicially-created cause of action in trespass for bad faith conduct of an insurer in denying a claim.

In concluding that a section 8371 bad faith action sounds in tort, *Haugh* noted that although the Pennsylvania Supreme Court in *Birth Center v. St. Paul Companies Inc.,* 567 Pa. 386, 787 A.2d 376 (2001), recognized that a bad faith refusal to settle a claim can give rise to a distinct contract bad faith cause of action; nevertheless, three justices in that case specifically found that a section 8371 bad faith claim is a statutory cause of action that sounds in tort, specifically Justice Nigro in his concurring opinion, Justice Zappala in his dissenting opinion with Justice Castille joining in the dissenting opinion of Justice Zappala.

This court agrees with and adopts the view that a section 8371 bad faith action is a statutorily created tort action and is therefore subject to the two-year statute of limitations of 42 Pa.C.S. §5524(7). It is compelling that the legislature created the cause of action as a response to the Pennsylvania Supreme Court's refusal to do so by judicial action in *D'Ambrosia, supra.* See *Haugh v. Allstate Insurance Co.,* 322 F.3d at 235; *Polselli v. Nationwide Mutual Insurance Co.,* 23 F.3d 747, 750 (3d Cir. 1994); *Birth Center v. St. Paul Companies Inc.,* 787 A.2d at 391 n.3 (dissenting opinion). Moreover, the action permits the insured to recover punitive damages, which remedy is typically only available in tort actions. *Birth Center v. St. Paul Companies Inc., id.; AM/PM Franchise Association v. Atlantic Richfield,* 526 Pa. 110, 126, 584 A.2d 915, 927 (1990). The majority of states which have addressed a cause of action for bad faith have treated the action as a tort. *Haugh,* 236 F.3d at 235 n.3. The Pennsylvania Supreme Court has noted *Gruenberg v. Aetna Insurance Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480,

510 P.2d 1032 (1973), to be the leading case on the creation of the "new tort" of bad faith. *D'Ambrosia v. Pennsylvania National Mutual Casualty Insurance Co.,* 494 Pa. at 507-508, 431 A.2d at 970. See also, *Bibeault v. Hanover Insurance Co.,* 417 A.2d 313 (R.I. 1980); *Anderson v. Continental Insurance Co.,* 85 Wis.2d 675, 271 N.W.2d 368 (1978). Also supporting the position that a bad faith action is a tort is the concept that a bad faith action is based upon a standard of conduct imposed by society, which is consistent with a tort claim. *Nelson v. State Farm Mutual Insurance Co.,* 988 F. Supp. 527 (1997), citing W. Page Keeton et al., Prosser and Keeton on Torts, section 1 at 6 (5th ed. 1984).

After reviewing the court decisions that have addressed this issue we conclude that a bad faith action under section 8371 sounds in tort and is subject to a two-year statute of limitations.

For the reasons above set forth, the defendant's motion for summary judgment must be granted and the plaintiff's motion for leave to amend complaint must be denied.

## ORDER

And now, September 15, 2003, for the reasons set forth in the accompanying opinion of even date herewith it is ordered, adjudged and decreed as follows:

(1) Defendant's motion for summary judgment is granted, summary judgment is entered in favor of defendant and against plaintiffs, and plaintiffs' complaint is dismissed.

(2) Plaintiffs' motion for leave to amend complaint is denied.