**Brent D. ASH and Kathy Ash, his wife, Appellants,**

v.

**CONTINENTAL INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued March 31, 2004.

Filed Nov. 3, 2004.

John W. Hodge, New Castle, for appellants.

Mary K. Salynski, Pittsburgh, for appellee.

BEFORE: FORD ELLIOTT, LALLY-GREEN, and TODD, JJ.

OPINION BY TODD, J.:

¶ 1 Brent D. Ash and his wife, Kathy Ash, ("Appellants") appeal the September 15, 2003 order of the Lawrence County Court of Common Pleas, entered by the Honorable Dominick Motto, granting summary judgment in favor of Continental In-

surance Company ("Continental") and denying Appellants' motion for leave to amend their complaint. We affirm.

¶2 Appellants purchased an insurance policy from Continental for property located in Lawrence County, Pennsylvania. On or about July 8, 2000, while the policy was in effect, the property was damaged by fire. Appellants filed a timely notice of loss, but Continental issued a letter to Appellants on November 21, 2000, whereby Continental denied the claim based on concealment or fraud. On May 3, 2002, Appellants filed a complaint against Continental seeking damages for breach of contract.

¶3 Continental filed a motion for summary judgment, asserting that the one-year statute of limitations period provided for in the contract had expired. During argument on Continental's motion on June 23, 2003, counsel for Appellants presented a motion for leave to amend the complaint by adding a claim for bad faith under 42 Pa.C.S.A. § 8371.[1] The trial court issued a rule to show cause directing Continental to show cause why Appellants' motion to amend the complaint should not be granted, and Continental responded that Appellants' proposed bad faith claim also was barred by the two-year statute of limitations applicable to actions in tort. On September 15, 2003, the trial court issued an order granting Continental's motion for summary judgment and, concluding that Appellant's bad faith claim was subject to a two-year statute of limitations, denying Appellants' motion for leave to amend their complaint. This timely appeal followed.

¶4 On appeal, Appellants do not dispute that their original claim for breach of contract is time-barred under the one-year statute of limitations set forth in the insurance contract. Appellants argue, however, that the applicable statute of limitations for the bad faith claim is six years under 42 Pa.C.S.A. § 5527, and, therefore, that the trial court erred in granting summary judgment and in denying their motion to amend their complaint since they raised their bad faith claim within this time period.

■■■ ¶5 Summary judgment is appropriate if a plaintiff's cause of action is barred by the statute of limitations. *Moyer v. Rubright*, 438 Pa.Super. 154, 651 A.2d 1139, 1141 (1994). In reviewing an order granting a motion for summary judgment pursuant to Rule 1035.2 of the Pennsylvania Rules of Civil Procedure, this Court must examine the record in the light most favorable to the non-moving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. *Matthews v. Clarion Hospital*, 742 A.2d 1111, 1115 (Pa.Super.1999). We will reverse only if there has been an error of law or a clear abuse of discretion. *Watkins v. Hospital of the University of Pennsylvania*, 737 A.2d 263, 265 (Pa.Super.1999). On questions of law, however, our scope of review is plenary. *Matthews*, 742 A.2d at 1115.

¶6 We begin by noting that the statute of limitations applicable to a lawsuit is determined by the type of claim asserted. Pursuant to 42 Pa.C.S.A. § 5524, the fol-

---

1. Section 8371 provides as follows:

   In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
   (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
   (2) Award punitive damages against the insurer.
   (3) Assess court costs and attorney fees against the insurer.
   42 Pa.C.S.A. § 8371.

lowing actions are subject to a two-year statute of limitations:

(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

(4) An action for waste or trespass of real property.

(5) An action upon a statute for a civil penalty or forfeiture.

(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

(8) An action to recover damages for injury to a person or for the death of a person caused by exposure to asbestos . . . .

42 Pa.C.S.A. § 5524.

¶ 7 The following types of actions are subject to a four-year statute of limitations under 42 Pa.C.S.A. § 5525:

(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

(2) Any action subject to 13 Pa.C.S. § 2725 (relating to statute of limitations in contracts for sale).

(3) An action upon an express contract not founded upon an instrument in writing.

(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

(5) An action upon a judgment or decree of any court of the United States or of any state.

(6) An action upon any official bond of a public official, officer or employee.

(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

42 Pa.C.S.A. § 5525(a)(1)-(8).

¶ 8 Under a "catch-all" provision, any civil action which is neither subject to another limitation specified in the subchapter, including the above, nor excluded from the application of a period of limitation by Section 5531, must be commenced within six years. 42 Pa.C.S.A. § 5527.

¶ 9 In the past, our state trial courts have applied a variety of different statutes of limitations to bad faith actions. For example, in *Susich v. Prudential Prop. & Cas. Ins. Co.*, 35 Pa. D. & C.4th 178 (Beaver County Ct. Common Pleas 1998), the trial court concluded that the bad faith action filed by the plaintiff fell within both

subsections (5) and (7) of Section 5524, and, therefore, was subject to a two-year statute of limitations. *See also Margaret Auto Body, Inc. v. Universal Underwriters Group, et al.*, 2004 WL 1073992 (Philadelphia County Ct. Common Pleas filed April 12, 2004) (specifically adopting the trial court's reasoning in the case *sub judice* and holding that two-year statute of limitations applies to bad faith actions).

¶ 10 In *Mantia v. Northern Ins. Co. of New York*, 39 Pa. D. & C.4th 71 (Lancaster County Ct. Common Pleas 1998), however, the trial court concluded that the six-year statute of limitations set forth in 42 Pa.C.S.A. § 5527 was applicable to bad faith actions, since the term bad faith "encompasses actions by insureds that sound in both tort and contract." *Id.* at 86; *see also Hospital Shared Services v. CIGNA Ins. Co.*, 41 Pa. D. & C.4th 148 (Allegheny County Ct. Common Pleas 1998).

¶ 11 In *Trujillo v. State Farm Mut. Auto. Ins. Co.*, 54 Pa. D. & C.4th 241 (Philadelphia County Ct. Common Pleas 2001), the trial court also applied the six-year statute of limitations period under Section 5527 to the plaintiff's bad faith action. Although this Court reversed the trial court's holding in part, and held that a two-year statute of limitations applied, *Trujillo v. State Farm Mut. Auto Ins. Co.*, 2002 Pa. Lexis 3705 (Pa.Super.Sept. 3, 2002), that decision was withdrawn. 2002 PA Lexis 3705 (Pa.Super.Sept. 4, 2002). Thus, the issue of the applicable statute of limitations to insurance bad faith actions under 42 Pa.C.S.A. § 8371 essentially is one of first impression in our state appellate courts.

¶ 12 On a number of occasions, the Pennsylvania federal courts have attempted to predict how the Pennsylvania Supreme Court would rule on this issue.[2] In *Woody v. State Farm Fire and Cas. Co.*, 965 F.Supp. 691 (E.D.Pa.1997), the district court applied the six-year statute of limitations to the plaintiff's bad faith action on the grounds that no other specific statute of limitations applied. *See also Miller v. Cincinnati Ins. Co.*, 1997 Lexis 23725 (E.D.Pa. July 9, 1997) (relying on *Woody, supra*, in concluding that a six-year statute of limitations applied).

¶ 13 The majority of Pennsylvania federal courts which have weighed in on the subject, however, have predicted that the Pennsylvania Supreme Court would conclude that bad faith actions are subject to a two-year statute of limitations. For example, in *Nelson v. State Farm Mut. Auto. Ins. Co.*, 988 F.Supp. 527 (E.D.Pa.1997), the court concluded that an action under Section 8371 sounds in tort, and, therefore, would be subject to a two-year statute of limitations. The court based its conclusion "upon the history of 'bad faith' as a cause of action, the nature of a bad faith cause of action, and the approaches taken by the heavy majority of other state supreme courts." *Id.* at 531.

¶ 14 The *Nelson* court first recognized that in *D'Ambrosio v. Pennsylvania National Mut. Cas. Ins. Co.*, 494 Pa. 501, 431 A.2d 966 (1981), the Pennsylvania Supreme Court declined to create a common law cause of action for bad faith, specifically leaving such action to the legislature. The court in *Nelson* further opined that the legislature's enactment of Section 8371,

---

2. In the absence of an opinion from a state's highest court on a matter of state law, a federal court sitting in diversity must predict how that court would rule on the matter if it were confronted with the issue. *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3rd Cir.1993). In doing so, a federal court must "consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." *Id.*

which created a statutory remedy for bad faith conduct in the handling of insurance policies, was a direct response to the invitation issued by our Supreme Court in *D'Ambrosio. Id.* at 532.

¶ 15 The *Nelson* court concluded that a bad faith cause of action under Section 8371 is akin to a tort action in that "[t]o determine whether a claim of bad faith has merit, one must look at the behavior of the insurer toward the insured and measure its reasonableness" and that "[s]uch an inquiry into the reasonableness of the insurer's behavior, to see whether it is perhaps more than mere negligence or bad judgment ..., bears the classic earmarks of the law of torts." *Id.* at 532–33. Finally, the court noted that "[a]t least twenty-nine states which recognize a cause of action for bad faith have chosen to characterize the cause of action as a tort." *Id.* at 533; *see also Mantakounis v. Aetna Cas. & Sur. Co.,* 1999 WL 600535 (E.D. Pa. filed August 10, 1999) (adopting the analysis of *Nelson* and holding that an action under Section 8371 was subject to a two-year statute of limitations).

¶ 16 Subsequently, in *Lochbaum v. United States Fid. & Guar. Co.,* 136 F.Supp.2d 386 (W.D.Pa.2000), the District Court for the Western District of Pennsylvania considered the arguments in favor of both a two-year and six-year statute of limitations, and concluded that the obligation imposed by Section 8371 is a tort duty, and, therefore, that a claim under Section 8371 is subject to a two-year statute of limitations.

¶ 17 Most recently, the Third Circuit Court of Appeals had occasion to address the issue of the statute of limitations applicable to bad faith actions. In *Haugh v. Allstate Ins. Co.,* 322 F.3d 227 (3rd Cir. 2003), the court recognized the conflicting conclusions of the state and federal courts in Pennsylvania with respect to this issue. In affirming the district court's conclusion that the Pennsylvania Supreme Court would hold that an action under Section 8371 sounds in tort, and thus would be subject to a two-year statute of limitations, the *Haugh* court first noted that it previously had "supported the interpretation of section 8371 as being a direct response to *D'Ambrosio.*" *Id.* at 235 (citing *Polselli v. Nationwide Mut. Fire Ins. Co.,* 23 F.3d 747, 750 (3d Cir.1994)).[3] The court further indicated that it also has "recognized that under Pennsylvania law punitive damages are typically a remedy only in tort actions." *Id.* (referring to Section 8371(2) and citing *Murray v. Commercial Union Ins. Co.,* 782 F.2d 432, 436 (3d Cir.1986)).

¶ 18 Moreover, the *Haugh* court found that numerous additional factors also support the application of a two-year statute of limitations, including: (1) courts historically have treated bad faith causes of actions as torts; (2) the nature of a bad faith action suggests that it is based upon a standard of conduct imposed by society and, therefore, is similar to a tort; (3) the emerging jurisprudence among Pennsylvania trial courts treats an action under Section 8371 as a separate and distinct cause of action from the underlying contract claim; (4) the majority of other states which have recognized a cause of action for bad faith have characterized the cause of action as a tort. *Id.* at 236 n. 13. Finally, the court in *Haugh* noted that "courts have a duty to construe section 8371 so as

---

**3.** The court in *Haugh* noted that in *Birth Center v. St. Paul Co., Inc.,* 567 Pa. 386, 787 A.2d 376 (2001), the Pennsylvania Supreme Court did not specifically rule on the issue of the statute of limitations applicable to bad faith actions under Section 8371, but that three of the seven justices made clear their belief that a claim under Section 8371 sounds in tort. *Haugh,* 322 F.3d at 235.

not to produce an absurd or unreasonable result," and stated:

> [i]t is hard to conceive that the Pennsylvania General Assembly could have intended to provide a six year limitations period for a bad faith claim under § 8371 if the cause of action sounded in areas of the law with only two and four year limitations periods. Put another way, given the options of two or four years, it does not strike us as a reasonable reading to add the two periods together.

*Id.* at 236 (quoting *Nelson,* 988 F.Supp. at 534 n. 11.)

■ ¶ 19 We have considered all of the arguments set forth above. In the instant case, in concluding that a bad faith action under Section 8371 is a statutorily-created tort action subject to a two-year statute of limitations, the trial court reasoned:

> It is compelling that the legislature created the cause of action as a response to the Pennsylvania Supreme Court's refusal to do so by judicial action in *[D'Ambrosio], supra.* Moreover, the action permits the insured to recover punitive damages, which remedy is typically only available in tort actions. The majority of states which have addressed a cause of action for bad faith have treated the action as a tort. The Pennsylvania Supreme Court has noted *Gruenberg v. Aetna Insurance Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973), to be the leading case on the creation of the "new tort" of bad faith. Also supporting the position that a bad faith action is a tort is the concept that a bad faith action is based upon a standard of conduct imposed by society, which is consistent with a tort claim.

64 Pa. D. & C.4th 37, 44–45 (2003) (citations omitted). We agree with Judge Motto's cogent analysis, and note that it is consistent with the majority of recent decisions that have addressed this issue, as we have discussed above. We find the reasoning supporting those decisions to be persuasive and thus hold that a bad faith action under Section 8371 is subject to a two-year statute of limitations. Accordingly, we affirm the trial court's order granting summary judgment in favor of Continental.

¶ 20 Order **AFFIRMED.**