## Fusco v. Harleysville Insurance Company

*Michael T. Sellers,* for plaintiffs.
*Francis J. Deasey,* for defendant.

RUFE, J., *J.,* December 7, 2005—This opinion stems from the appeal by plaintiffs, Theodore and Rita Fusco, from

our decision to grant defendant Harleysville Insurance Company's motion for summary judgment. The only question presented on appeal is whether the Fuscos' bad faith claim against Harleysville Insurance Company was barred pursuant to the statute of limitations, as established in *Ash v. Continental Insurance Co.,* 861 A.2d 979 (Pa. Super. 2004). The relevant history of the case is as follows.

This matter is the result of litigation relating to an automobile accident that occurred in January of 1990. In that accident, Theodore Fusco, insured by Harleysville, suffered serious bodily injury. The original action was filed in 1991 and tried in 1995 in favor of the Fuscos. Following the conclusion of that original action, plaintiffs initiated an underinsured motorist claim against Harleysville, which was arbitrated in November of 1995. The arbitration resulted in a finding in favor of the Fuscos and against Harleysville.

The Fuscos subsequently filed the instant lawsuit against Harleysville on June 10, 1998. The Fuscos alleged that defendant acted in bad faith by refusing to make a good faith settlement offer regarding the underinsured motorist claim. On August 3, 1998, Harleysville filed its answer and new matter to the complaint, alleging, inter alia, that the bad faith claim was barred by the statute of limitations. On July 14, 2005, Harleysville filed a motion for summary judgment. The motion argued that a recent decision of the Superior Court has prescribed a two-year statute of limitations for the Fuscos' bad faith claim, and thus, the suit was barred and summary judgment should be granted.

In reviewing a motion for summary judgment, the record and all issues of genuine fact must be resolved in

favor of the non-moving party. *Commonwealth ex rel. Fisher v. Tiger Schulmann's Karate Centers,* 571 Pa. 413, 812 A.2d 614 (2002). A motion for summary judgment "is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Resolution Trust Corp. v. Urban Redevelopment Authority,* 536 Pa. 219, 638 A.2d 972 (1994). Summary judgment is appropriate if a plaintiff's cause of action is barred by the statute of limitations. *Moyer v. Ru-bright,* 438 Pa. Super. 154, 158, 651 A.2d 1139, 1141 (1994).

Section 8371 (Recovery for bad faith) provides:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorney fees against the insurer." 42 Pa.C.S. §8371.

The courts of the Commonwealth have applied a variety of different statutes of limitations to bad faith actions, including two, four and six years. See *Mantia v. Northern Insurance Co. of New York,* 39 D.&C.4th 71 (1998) (six-year statute of limitations applied); *Trujillo v. State Farm Mutual Automobile Insurance Co.,* 2002 Pa. Lexis 3705 (Pa. Super. 2002) (two-year statute of limitations applied). In the recent case of *Ash v. Conti-*

*nental Insurance Co.,* 861 A.2d 979 (Pa. Super. 2004), however, our Superior Court considered all of these arguments and concluded that section 8371 is a statutorily created tort action subject to a two-year statute of limitations.

In the instant matter, the only issue presented is whether the Fuscos' suit is barred by the statute of limitations. The Fuscos' arbitration hearing was in November 1995, at which time they were awarded $500,000. Therefore, at the very latest, the statute of limitations began to run in November of 1995 and expired in November of 1997. Notwithstanding, the Fuscos' bad faith claim against Harleysville was not filed until June 10, 1998, approximately seven months after the expiration of the statute of limitations.

In their response to Harleysville's motion for summary judgment, and at oral argument, the Fuscos concede the bad faith claim is barred if the statute of limitations in this action is a two-year period. Instead, the Fuscos maintain that the rule set forth in *Ash* is not controlling because in that case a petition for allocatur has been granted by the Supreme Court. As such, the Fuscos contend the *Ash* decision is not binding because the Supreme Court has decided to hear the appeal. Despite the Fuscos' unsupported assertion, our Superior Court has expressly stated, "[a]s long as [a] decision has not been overturned by our Supreme Court, it remains binding precedent." *Sorber v. American Motorists Insurance Company,* 451 Pa. Super. 507, 510, 680 A.2d 881, 882 (1996). Accordingly, regardless of the granted appeal to the Supreme Court, this court is bound by the *Ash* decision and, accordingly, we granted Harleysville's motion for summary judgment.